ORIGINAL

FILED

06/28/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0220

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0220

_____

JAMES MAVROMATIS,

      Plaintiff and Appellant,

v.

TOM MAACK,

      Defendant and Appellee.

_____

FILED

JUN 2 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, James Mavromatis has filed a petition for rehearing of this Court's May 17, 2022 Order denying his petition for an out-of-time appeal. He states that "Maack's defense attorney did not respond in the time frame for the initial court subpoena hearing, within the 21 days[.]" He mentions a motor vehicle accident and the corresponding insurance coverage that was later "cut off" by his insurance agent. Mavromatis points to the confusion in this case and the various delays in seeking a timely appeal. He adds that he was told that when he "sent the 100.00 [filing] fee, [he] would not exhaust the time remedy . . . the case would proceed as due court process . . . ."

Mavromatis includes additional information he did not present in his initial petition. This Court's rules, however, make clear that it "will consider a petition for rehearing presented only upon . . . [t]hat it overlooked some fact material to the decision[,] . . . or [t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a)(i) and (iii). "Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs." M. R. App. P. 20(1)(d).

It is unclear what Mavromatis was told by the Clerk of the Supreme Court's Office. But, consistent with the Montana Rules of Appellate Procedure, the Court considers only the documents in the Court's record in ruling on a petition for out-of-time appeal. And the

Court has not "overlooked" a fact if that fact is first presented in a petition for rehearing. Finally, a decision is not contingent upon whether the filing fee was paid. This Court receives pleadings from the Clerk of the Supreme Court only after a motion to proceed upon payment of filing fee is granted or when the Clerk's Office receives payment. M. R. App. P. 10(1)(a); M. R. App. P. 5(1) and 5(4).

Mavromatis is not entitled to rehearing. In the prior Order, this Court decided that after a nine-month delay, the underlying defendant, Tom Maack, would be prejudiced by such an appeal. Maromatis has not articulated that this Court overlooked a material fact he raised in his initial petition or that its order conflicts with Montana statutes or law. Mavromatis has not demonstrated exceptional circumstances.

IT IS THEREFORE ORDERED that Mavromatis's Petition for Rehearing is DENIED.

The Clerk is directed to provide a copy of this Order to all parties.

DATED this 28 day of June, 2022.

_____

_____

_____

_____

_____
                                                    Justices